IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AUDRA M. RHINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-989-RAH |
| | ) | [WO] |
| HOUSTON COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate incarcerated at the Houston County Jail in Dothan, Alabama. He brings this 42 U.S.C. § 1983 action for damages against Commander Brazier and the Houston County Jail challenging the conditions of confinement at the jail, a speedy trial violation, and excessive bond. Upon review, the court concludes Plaintiff's claims against the Houston County Jail and his allegations regarding the denial of a speedy trial and excessive bond are due to be dismissed prior to service of process under 28 U.S.C. § 1915A.[1]

## I. DISCUSSION

**A.   The Houston County Jail**

Plaintiff names the Houston County Jail as a defendant. The law is settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting

---

[1] The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2).

> under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

In light of the foregoing, it is clear the Houston County Jail is not a legal entity subject to suit and is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915A(b)(1).

**B.     Excessive Bond**

Plaintiff complains his bond is set too high and he cannot post bail. Plaintiff, however, cannot sustain a claim for failure to provide reasonable bond against Commander Brazier. Under relevant Alabama Rules of Criminal Procedure, judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail. *See* Ala. R. Crim. P., Rule 7.2. Because Defendant Brazier has no authority to set or reduce Plaintiff's bond, this claim is due to be dismissed under 28 U.S.C. § 1915A(b)(1).

**C.     Speedy Trial**

Plaintiff complains his request for a speedy trial has been ignored. Again, this is not a claim properly brought against Defendant Brazier nor is a § 1983 complaint an appropriate remedy for obtaining relief on a speedy trial challenge. To the extent Plaintiff is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination he is entitled to immediate release or a speedier release from that imprisonment, his federal remedy is by way of a

writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity or duration of their conviction or confinement). And a § 1983 action is not an appropriate avenue to compel or appeal a particular course of action by a state court. *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment). This claim is subject to dismissal under 1915A(1)(b).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Houston County Jail be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

2.  The Houston County Jail be TERMINATED as a party;

3.  Plaintiff's excessive bond and speedy trial claims be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1); and

4.  This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before March 3, 2020**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 18th day of February 2020.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE